UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00296-FDW-SCR

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| APRIL LANEY et al, | ) ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** is before the Court on the Motion for Default Judgment filed by Plaintiff State Farm Life Insurance Company ("State Farm"). (Doc. No. 16.)

## I. PROCEDURAL BACKGROUND

On March 8, 2024, Plaintiff initiated this declaratory judgment action pursuant to 28 U.S.C. §§ 2201-2202 against Defendants K.L. (1), a minor; G.L., a minor; K.L. (2), a minor; April Laney, individually and as mother of K.L. (1) and G.L.; and Elizabeth Murdaugh, individually and as personal representative for the estate of Joshua Daniel Laney, deceased. (Doc. No. 1.) Plaintiff seeks a determination of whether the life insurance policy it issued to Joshua Laney provides benefits to any of the Defendants. (Id.)

A summons was issued electronically on March 11, 2024. (Doc. No. 5.) State Farm filed Affidavits of Service as to all defendants on May 7, 2024. (Doc. Nos. 6–10.) After Defendants failed to respond or file a responsive pleading, Plaintiff moved for entry of default as to all Defendants, (Doc. No. 12), and the Clerk of Court entered default on August 6, 2024. (Doc. No. 14.) Plaintiff then filed the present Motion for Entry of Default Judgment, seeking an order

"declaring that there is no coverage or benefits afforded under the Policy and that Plaintiff is not required to pay any benefits under the Policy to any Defendant." (Doc. No. 16, pp. 1–2.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the award of default judgment. Rule 55(a) provides that a clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Upon default, the well-pleaded facts alleged in the complaint are deemed admitted. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Once the clerk enters default, the party may then seek a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). Entry of a default judgment under Rule 55(b) is appropriate "when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." S.E.C. v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

## III. FACTUAL BACKGROUND

Because the Clerk of Court has entered default, the factual allegations in Plaintiff's Complaint are established. A brief summation of the relevant facts is set forth below.

In February 2022, Plaintiff issued a 20-year life insurance policy for $750,000 to Joshua Laney (policy number LF-4138-5169). (Doc. No. 1, p. 3.) The policy listed his designated primary

beneficiaries as his children. (Id.) The policy provided that there would be no coverage "[i]f death is the result of suicide while sane or self-destruction while insane." (Id. at 4.)

On March 6, 2022, Joshua Laney died by suicide. (Id. at 5.) At the time of his death, Joshua Laney had three minor children: K.L. (1), G.L., and K.L. (2). (Id. at 5.) April Laney has made a claim for benefits on behalf of K.L. (1) and G.L., and Elizabeth Murdaugh has made a claim for benefits on behalf of K.L. (2). (Id. at 6.) Plaintiff contends that it does not owe any benefits under the policy because Joshua Laney died by suicide. (Id.)

## IV. ANALYSIS

Although a defendant admits well-pleaded factual allegations upon entry of default, a defendant "is not held . . . to admit conclusions of law." Colonial Life & Accident Ins. Co. v. Bryant, No. 1:21-CV-00332-MR, 2022 WL 5027526, at *2 (W.D.N.C. Oct. 4, 2022) (quoting Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (alteration in original)). Therefore, in considering a motion for default judgment, a court "must determine whether the alleged facts state a claim for relief." Id.; see also Scottsdale Ins. Co. v. B&G Fitness Ctr., Inc., No. 4:14-CV-187-D, 2017 WL 11829701, at *2 (E.D.N.C. Sept. 20, 2017) (quoting DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (per curiam) ("A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.")). "Courts can enter default judgments in declaratory-judgment actions concerning the scope of coverage under a policy." Scottsdale Ins. Co., 2017 WL 11829701, at *3.

Here, Plaintiff has plausibly alleged that it does not owe coverage or benefits to Defendants. Accepting the well-pleaded factual allegations in Plaintiff's Complaint as true, as the Court is required to do after entry of default, the life insurance policy issued to Joshua Laney

specifically excluded coverage for death by suicide, and Joshua Laney died by suicide on March 6, 2022. (Doc. No. 1, pp. 4-5.) Accordingly, the Complaint plausibly alleges that the policy does not afford coverage in this instance, and the Court therefore finds that Plaintiff is not required to pay benefits to any Defendant.

V. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Judgment, (Doc. No. 16), is **GRANTED**.

**IT IS SO ORDERED.**

Signed: February 4, 2025

Frank D. Whitney
Senior United States District Judge